In the Matter of GRADE CROSSINGS IN THE CITY OF
BUFFALO.

THE CITY OF BUFFALO, Appellant; PUBLIC SERVICE
COMMISSION, Respondent.

(Argued June 13, 1929; decided July 11, 1929.)

*Gregory U. Harmon, Corporation Counsel (Andrew P. Ronan* of counsel), for appellant. The Public Service Commission has the power to include the temporary crossing at grade at Starin avenue among the list of crossings to be eliminated during the year 1929. (Const. of N. Y. art. 7, § 14; L. 1928, ch. 679.)

*Russell B. Burnside* and *Charles G. Blakeslee* for respondent. Starin avenue is not a crossing at grade of the tracks of the Erie railroad within the meaning of that term, as used in section 14 of article 7 of the Constitution and in the Grade Crossing Elimination Act, applicable to the city of Buffalo. (L. 1928, ch. 679; *People ex rel. Bridge Operating Co.* v. *Pub. Serv. Com.,* 153 App. Div. 129; *People ex rel. Kings County Lighting Co.* v. *Straus,* 178 App. Div. 840.)

CRANE, J. The Council of the city of Buffalo by resolution adopted November 16, 1921, extended and laid out Starin avenue as a public street 100 feet wide, across the tracks and rights of way of the Erie Railroad Company and the New York, Lackawanna and Western Railway Company; and on April 14, 1923, applied by petition to the Public Service Commission for a determination as to whether such extended avenue should pass over or under the tracks of said railroad. After a public hearing, an order was made August 2, 1923, directing that Starin avenue should cross under the track of the railroad companies in subways not less than 80 feet wide between abutments, with a clear roadway 50 feet wide, and two sidewalks each 15 feet wide. The order, however, as to the Erie Railroad Company was apparently held in abeyance by the following provisions therein: " That the Erie Railroad Company be and hereby is permitted to defer the raising of its tracks and the construction of the under-grade crossing and approaches herein above authorized and directed, and to construct a temporary crossing at the present grade of its tracks upon the following conditions:

" That the temporary crossing shall be constructed in accordance with the following general requirements: the crossing shall be 30 feet wide and shall be planked or surfaced full width with equally suitable material; the roadway on the approaches shall be surfaced with gravel to a width of 30 feet; the grade on the north approach shall descend from the tracks at the rate of about 4.15 per cent and that on the south approach shall descend at the rate of about 4 per cent; substantial wooden guard railing shall be provided on both sides of the roadway where the height of embankment exceeds 3 feet; a plank sidewalk 4 feet wide shall be provided on each side of the street between the limits of the temporary roadway." Other conditions as to warning signs and protection were provided.

In accordance with this order Starin avenue was extended across the tracks of the Erie Railroad Company at grade; it is now, and ever has been, a grade crossing. No order or official designation can make it anything else. Whatever name we give it, the fact is that the public in crossing the Erie's tracks go over them on a grade with the tracks, neither above nor under them.

It was with such crossings in mind, causing and creating danger to the people of this State, that an amendment to the State Constitution was adopted at the general election held November 8, 1927, which amendment became article 7, section 14, of the Constitution. This permitted the Legislature to authorize by law the creation of a State debt not exceeding in the aggregate $300,000,000, to provide moneys for the elimination, under State supervision, of railroad crossings at grade within the State, at the expense of the State, railroad companies, counties and cities. Fifty per cent of the expense shall be borne by the railroad company, the remaining fifty per cent shall be borne by the State and the county in which the crossing is located, or by the State and the city in which it is located, if the city contain two or more counties. Other

provisions of the section as to the limitation and disposition of moneys need not be mentioned. The Constitution was amended to permit this State help for the elimination of grade crossings, that is, to put a street crossing under or over a track, and not on a level with it.

Thereafter, and in accordance with this constitutional amendment, chapter 679 of the Laws of 1928 was passed, providing for the elimination of highway-railway crossings at grade in the city of Buffalo.

Section 2 says: " 1. Notwithstanding any inconsistent provisions of article three of the railroad law or any other law, general or special, all existing highway-railroad crossings at grade to be eliminated from the proceeds of bonds issued pursuant to law and section fourteen of article seven of the constitution shall be eliminated in the manner prescribed by this act * * *. The terms ' railroad crossings at grade ' and ' crossings,' as employed in this act, may include an existing lengthwise occupation at grade of public streets as the public service commission may determine by order."

Starin avenue, as it has existed and now exists, comes within this definition. The act further provides that the Buffalo Commission therein described and any municipal corporation or railroad corporation may file with the Public Service Commission lists of crossings in the city of Buffalo, the elimination of which is suggested for consideration during the ensuing calendar year. The procedure is then set forth leading up to an order by the Public Service Commission, designating the grade crossings to be eliminated and the method and manner of doing the work. Authority is given to the Public Service Commission to supervise and to carry out the objects for which the constitutional amendment was adopted and this law enacted. By section 3 of the act, 40 per cent of the cost of the elimination is borne by the State, 10 per cent by the county of Erie, and 50 per cent by the railroad corporation. The point involved in this case does not necessitate a more detailed reading of the act.

Thereafter the city of Buffalo, as well as the Grade Crossing and Terminal Station Commission of the city of Buffalo, filed with the Public Service Commission a list of grade crossings within the city of Buffalo, the elimination of which was suggested. Starin avenue was included in this list. After a hearing, the Public Service Commission refused to include Starin avenue among the crossings to be eliminated or even to consider it as a grade crossing. Its determination was that by this order of August 2, 1923, above referred to, Starin avenue had ceased to be a grade crossing, and, therefore, the Commission had no power under the Constitution or the act of 1928 to consider it a grade crossing or include it within the beneficent provisions of those enactments.

The Commission's ruling was one of law; a determination that it lacked power; it did not eliminate Starin avenue as a matter of discretion or good judgment, or postpone its elimination to a subsequent year.

We cannot appreciate this position of the Public Service Commission. Whatever Starin avenue may be on paper or in previous orders of the Public Service Commission, or by whatever description it may be designated, Starin avenue now is and has been since 1923 a grade crossing. These grade crossings the people of this State have determined shall be eliminated as a fact, not as a theory, and for the purpose of accomplishing this result, the Constitution, followed by an act of the Legislature, has given to the Public Service Commission full power in the matter. The order of August 2, 1923, in no way limits, embarrasses or restricts the Public Service Commission in its action in putting Starin avenue above or beneath the tracks of the Erie Railroad Company. The Public Service Commission has the same and all the power under the act of 1928 which it has regarding any other grade crossing street or avenue in the city of Buffalo. The view which it has taken of its authority is entirely too narrow.

The order of the Appellate Division should be reversed

in so far as it omits Starin avenue, as a matter of law, from the list of crossings to be eliminated, and the proceeding remitted to the Public Service Commission for further consideration and hearing upon the merits, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.